## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MEACO J. FOLK, MARCUS MALONE, BRIAN BOCK, RICHARD ELLIN and DANIEL ELLIN,** | : : : : : | |
| **Plaintiffs,** | : : | Civil Action File No. |
| **vs.** | : : | |
| **ROTOR TRANS, LLC and YURY KALENIK,** | : : : | |
| **Defendants.** | : : : | |

---

## COMPLAINT

---

Plaintiffs Meaco J. Folk ("Folk"), Marcus Malone ("Malone") Brian Bock ("Bock"), Richard Ellin ("Richard Ellin"), and Daniel Ellin ("Daniel Ellin") (collectively "Plaintiffs"), by and through their attorneys, assert their claims against Defendants Rotor Trans, LLC ("Rotor Trans") and Yury Kalenik ("Kalenik") (collectively "Defendants") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* ("the FLSA") to recover due but unpaid minimum wage, due but unpaid overtime compensation and for other relief, and on the grounds set forth as follows:

## INTRODUCTION

### 1.

Defendants employed Plaintiffs as tow truck drivers, but misclassified them as independent contractors.  Defendants compensated Plaintiffs for this work on a commission-only basis.  Plaintiffs regularly earned less than $7.25 per hour and were not paid one and one half times their regular rate for work performed in excess of forty (40) hours per week.  Defendants further filed IRS Forms 1099 with respect to the compensation they paid to Plaintiffs for tax years 2013-2015, in lieu of W2 forms.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Rotor Trans' principal place of business is located in this judicial district,

and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Folk is a natural person who resides in Fulton County, Georgia.

5.

Malone is a natural person who resides in DeKalb County, Georgia.

6.

Bock is a natural person who resides in Gwinnett County, Georgia.

7.

Richard Ellin is a natural person who resides in Forsyth County, Georgia.

8.

Daniel Ellin is a natural person who resides in Forsyth County, Georgia.

9.

During the three years immediately preceding the initiation of this action, ("the Relevant Time Period") Defendants have operated a tow truck service doing business as Rotor Trans whose principal place of business is located at 2710 Lions Gates Drive, Cumming, Georgia 30041.

10.

Rotor Trans is a Limited Liability Company ("LLC") organized under the laws of the State of Georgia.

11.

Rotor Trans can be served with process via its registered agent Yury Kalenik at 2710 Lions Gates Drive, Cumming, Georgia 30041 or wherever he may be found.

12.

Rotor Trans is subject to the personal jurisdiction of this Court.

13.

Kalenik is the owner of Rotor Trans.

14.

Kalenik is the registered agent for Rotor Trans.

15.

Kalenik may be served with process at 2710 Lions Gates Drive, Cumming, Georgia 30041 or wherever he may be found.

16.

Kalenik is subject to the personal jurisdiction of this Court.

## **INDIVIDUAL COVERAGE**

### 17.

During the Relevant Time Period, Plaintiffs were "engaged in commerce" as employees of Rotor Trans as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 18.

Specifically, Plaintiffs regularly operated tow trucks for the purpose of providing towing services for persons with disabled vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

## **ENTERPRISE COVERAGE**

### 19.

During the Relevant Time Period, Rotor Trans has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 20.

Specifically, at all times material hereto, Rotor Trans employed two or more persons who regularly provided towing services for person with disabled vehicles on Interstate and U.S. highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

21.

During 2013, Rotor Trans had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Rotor Trans had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Rotor Trans had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2016, Rotor Trans had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

At all times relevant hereto, two or more employees of the Defendant, including Plaintiffs, handled good or materials that have been moved in or produce for commerce including trucks, uniforms, cell phones, gasoline, engine oil, credit card machines, and office equipment.

25.

During 2013, Rotor Trans had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Rotor Trans had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Rotor Trans had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2016, Rotor Trans had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Rotor Trans had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Rotor Trans had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2015, Rotor Trans had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2016, Rotor Trans had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

At all times material hereto, Rotor Trans has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## STATUTORY EMPLOYER ALLEGATIONS

34.

Rotor Trans employed Folk for as a tow truck driver from February 21, 2013 through the date of filing this Complaint.

35.

Rotor Trans employed Malone as a tow truck driver from February 2015 through October 2015.

36.

 Rotor Trans employed Bock as a tow truck driver from July 1, 2012 through April 15, 2016.

37.

Rotor Trans employed Richard Ellin as a tow truck driver from July 2014 through January 2016.

38.

Rotor Trans employed Daniel Ellin as a tow truck driver from August 2015 through March 2016.

39.

During the Relevant Time Period, the work performed by Plaintiffs was integral to Rotor Trans' business purpose (*i.e*., a towing company).

40.

During the Relevant Time Period, Plaintiffs did not invest in Rotor Trans' business such that they shared any significant risk of loss.

41.

During the Relevant Time Period, Plaintiffs did not utilize any special skills in the course of their work for Rotor Trans.

42.

During the Relevant Time Period, Plaintiffs did not exercise independent business judgment in the course of their work for Rotor Trans.

43.

During the Relevant Time Period, Plaintiffs did not possess commercial driver's licenses.

44.

During the Relevant Time Period, Defendants did not require that Plaintiffs possess such licenses to perform the duties of tow truck driver.

45.

During the Relevant Time Period, Rotor Trans exercised significant control over Plaintiffs' compensation.

46.

During the Relevant Time Period, Rotor Trans exercised significant, if not total control over Plaintiffs' work hours.

47.

During the Relevant Time Period, Rotor Trans exercised significant control over how Plaintiffs performed their work.

48.

During the Relevant Time Period, Rotor Trans was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

49.

During the Relevant Time Period, each Plaintiff was an "employee" of Rotor Trans as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

50.

During the Relevant Time Period, Kalenik exercised operational control over Plaintiffs' work activities.

51.

During the Relevant Time Period, Kalenik was involved in the day to day operation of Rotor Trans.

52.

During the Relevant Time Period, Rotor Trans vested Kalenik with supervisory authority over Plaintiffs.

53.

During the Relevant Time Period, Kalenik exercised supervisory authority over Plaintiffs.

54.

During the Relevant Time Period, Kalenik scheduled Plaintiffs' working hours and/or supervised the scheduling of Plaintiffs' working hours.

55.

During the Relevant Time Period, Kalenik exercised authority and supervision over Plaintiffs' compensation.

56.

During the Relevant Time Period, Kalenik was an "employer" of each Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

57.

During the Relevant Time Period, each Plaintiff was an "employee" of Kalenik as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

58.

During the Relevant Time Period, Defendants regularly scheduled Folk to work 6 days per week, from 7:00 a.m. until at least 7:00 p.m. each work day.

59.

During the Relevant Time Period, Folk regularly worked for Defendants 6 days a week, from 7:00 a.m. until at least 7:00 p.m. each work day.

60.

During the Relevant Time Period, Defendants regularly scheduled Malone to work 6 days per week, from 7:00 a.m. until at least 7:00 p.m. each work day.

61.

During the Relevant Time Period, Malone regularly worked for Defendants 6 days a week, from 7:00 a.m. until at least 7:00 p.m. each work day.

62.

From July 1, 2013 through July 2014, Defendants regularly scheduled Bock to work 6 days per week, from 7:00 a.m. until at least 7:00 p.m. each work day.

63.

From July 1, 2013 through July 2014, Bock regularly worked for Defendants 6 days per week, from 7:00 a.m. until at least 7:00 p.m. each work day.

64.

From August 2014 through April 15, 2016, Defendants regularly scheduled Bock to work 5 days per week from 7:00 a.m. until at least 7:00 p.m., and 1 day per week from 7:00 a.m. until at least 12:00 a.m.

65.

From August 2014 through April 15, 2016, Bock regularly worked 5 days per week from 7:00 a.m. until at least 7:00 p.m., and 1 day per week from 7:00 a.m. until at least 12:00 a.m.

66.

During the Relevant Time Period, Defendants regularly scheduled Richard Ellin to work 2 days per week from 7:00 a.m. until at least 7:00 p.m., and 4 days per week from 7:00 a.m. until at least 12:00 a.m.

67.

During the Relevant Time Period, Richard Ellin regularly worked 2 days per week from 7:00 a.m. until at least 7:00 p.m., and 4 days per week from 7:00 a.m. until at least 12:00 a.m.

68.

During the Relevant Time Period, Defendants regularly scheduled Daniel Ellin regularly worked for Defendants 5 days per week from 7:00 a.m. until at least 7:00 p.m.

69.

During the Relevant Time Period, Daniel Ellin regularly worked for Defendants 5 days per week from 7:00 a.m. until at least 7:00 p.m.

70.

During the Relevant Time Period, Plaintiffs frequently worked beyond the scheduled end time of their shifts in order to complete a towing operation that began prior to the end of a shift.

71.

During the Relevant Time Period, Defendants were aware that Plaintiffs frequently worked beyond the scheduled end time of their shifts in order to complete a towing operation that began prior to the end of a shift.

72.

During the Relevant Time Period, Defendants supplied Plaintiffs with cellular telephones for use during working hours.

73.

During the Relevant Time Period, Defendants required employees to utilize company issued cellular telephones for use during working hours.

74.

During the Relevant Time Period, Defendants required employees to pay for certain cellular phone fees including charges for "overages".

75.

During the Relevant Time Period, Plaintiffs conducted and completed all towing operations for Defendants wholly within the geographical limits of the State of Georgia.

76.

During the Relevant Time Period, Plaintiffs work efforts were devoted serving the Defendants' customers.

77.

During the Relevant Time Period, Plaintiffs did not solicit business.

78.

During the Relevant Time Period, Defendants provided Plaintiffs with all tools, equipment and other materials necessary to perform their jobs as tow truck drivers, including the tow trucks they drove.

79.

During the Relevant Time Period, Defendants compensated Folk and Malone on a commission-only basis.

80.

During the first year of his employment (i.e. from July 1, 2012 through June 30, 2013, Defendants compensated Bock at a rate of $70.00 per day and an additional $20.00 additional shifts that extended until 12:00 a.m.

81.

During July 1 2014, Defendants paid Bock on a commissioned-only basis.

82.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion or the entirety of their earnings in commission each week.

83.

In order to determine the regular hourly rate 29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings (if any) be divided by the total hours worked.

84.

During each applicable pay period within the Relevant Time Period, Defendants failed to calculate a regular rate for each Plaintiff by dividing the sum total of the commission earned and other earnings by the total hours worked.

85.

29 U.S.C. §206(a)(1)(C) requires that regular hourly rate of pay must not be be less than the minimum wage of $7.25 per hour.

86.

Plaintiffs' regular rates as determined in accordance with 29 C.F.R. § 778.118 regularly fell below $7.25 per hour in most workweeks during the Relevant Time Period.

87.

Defendants failed to compensate Plaintiffs at a rate equal to or above the minimum wage rate of $7.25 per hour for all hours worked up to forty (40) in most workweeks during the Relevant Time Period.

88.

29 U.S.C. § 207(a) requires that covered employers compensate their employees at an overtime rate of at least time and one half of the employee's regular rate for all hours worked in excess of forty (40) in a workweek.

89.

Defendants failed to compensate Plaintiffs at an overtime rate of at least time and one half of their regular rates for all hours worked in excess of forty (40) in any workweek during the Relevant Time Period.

90.

Defendants knew or should have known that the FLSA required that Plaintiffs' regular rate be at or above the minimum wage.

91.

Defendants knew or should have known that the FLSA required that Plaintiffs' overtime rate be at or above one and one half times their regular rates.

92.

During the Relevant Time Period, Plaintiffs were not exempt from the FLSA's minimum wage requirements by reason of any exemption.

93.

During the Relevant Time Period, Plaintiffs were not exempt from the FLSA's maximum hours requirements by reason of any exemption.

94.

During the Relevant Time Period, Rotor Trans did not employ any of the Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213(a).

95.

During the Relevant Time Period, Rotor Trans did not employ any of the Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

96.

During the Relevant Time Period, Rotor Trans did not employ any of the Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213(a).

97.

During the Relevant Time Period, Rotor Trans did not employ any of the Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213(a).

98.

During the Relevant Time Period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption, 29 U.S.C. § 213(b).

99.

During the Relevant Time Period, Plaintiffs' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act, 49 U.S.C. § 10521.

100.

During the Relevant Time Period, Rotor Trans was not an operator within the purview of the Motor Carrier Act, 49 U.S.C. § 3102.

101.

During the Relevant Time Period, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act, 49 U.S.C.A. § 31132(1).

102.

During the Relevant Time Period, Plaintiffs operated Defendants' flatbed tow trucks in their performance of work on behalf of Defendants.

103.

During all times relevant, Plaintiffs did not operate tow trucks with a gross vehicle weight greater than 10,000 pounds.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF 29 U.S.C. §§ 206 AND 215
### (Failure to pay Minimum Wage)

#### 104.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

#### 105.

During the Relevant Time Period, each Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

#### 106.

During the Relevant Time Period, each Plaintiff was entitled to be paid a minimum of $7.25 for each of the first forty (40) hours worked each workweek for Defendants.

#### 107.

Defendants regularly failed to pay each Plaintiff the equivalent of $7.25 per hour free and clear for each of the first forty (40) hours worked for Defendants in any and all given workweeks.

108.

Defendants willfully failed to pay each Plaintiff the equivalent of $7.25 per hour free and clear for each of the first forty (40) hours worked for Defendants in any and all given workweeks.

109.

Defendants' failure to compensate each Plaintiff the equivalent of $7.25 per hour for each of the first forty (40) hours worked for Defendants in any and all given workweeks constitute violations of FLSA §§ 206 and 215, 29 U.S.C. §§ 206, 215.

110.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to payment of minimum wages by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

111.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to payment of liquidated damages by Defendants, jointly and severally in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to declaratory and injunctive relief against Defendants, jointly and severally, pursuant to 29 U.S.C. § 216(b).

113.

As a result of the underpayment of minimum wages as alleged above, Plaintiffs are entitled to reimbursement of their costs of litigation, including their reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### VIOLATION OF 29 U.S.C. §§ 207 AND 215
### (Failure to Pay Overtime Premiums)

114.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

115.

During the Relevant Time Period, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

116.

During the Relevant Time Period, Plaintiffs regularly worked in excess of forty (40) hours each week.

117.

During the Relevant Time Period, Defendants failed to compensate Plaintiffs at one and one half times their regular rate for work in excess of 40 hours in any week.

118.

During the Relevant Time Period, Defendants willfully failed to Plaintiffs at one and one half times their regular rate for work in excess of forty (40) hours in any week.

119.

As a result of the nonpayment of overtime premiums as alleged above, Plaintiffs are entitled to payment of overtime premiums by Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

120.

As a result of the underpayment of overtime premiums as alleged above, Plaintiffs are entitled to payment of liquidated damages by Defendants, jointly and severally in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

121.

As a result of the underpayment of overtime premiums as alleged above, Plaintiffs are entitled to declaratory and injunctive relief against Defendants, jointly and severally, pursuant to 29 U.S.C. § 216(b).

122.

As a result of the underpayment of overtime premiums as alleged above, Plaintiffs are entitled to reimbursement of their costs of litigation, including their reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## COUNT THREE

## FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. § 7434

123.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

124.

At all times material hereto, the economic realities of the work relationship between Plaintiffs and Defendants reveal Plaintiffs to have been employees of Defendant Rotor Trans.

125.

During tax year 2012, Defendants classified each Plaintiff as an independent contractor, and not as an employee.

126.

During tax year 2012, Rotor Trans fraudulently misclassified each Plaintiff as an independent contractor.

127.

Defendants willfully filed Forms 1099-MISC with the Internal Revenue Service categorizing certain monies paid to each Plaintiff in 2012 as "nonemployee compensation"

128.

During tax year 2013, Defendants classified each Plaintiff as an independent contractor, and not as an employee.

129.

During tax year 2013, Rotor Trans fraudulently misclassified each Plaintiff as an independent contractor.

130.

Defendants willfully filed Forms 1099-MISC with the Internal Revenue Service categorizing certain monies paid to each Plaintiff in 2013 as "nonemployee compensation."

131.

During tax year 2014, Defendants classified each Plaintiff as an independent contractor, and not as an employee.

132.

During tax year 2014, Rotor Trans fraudulently misclassified each Plaintiff as an independent contractor.

133.

Defendants willfully filed Forms 1099-MISC with the Internal Revenue Service categorizing certain monies paid to each Plaintiff in 2014 as "nonemployee compensation."

134.

During tax year 2015, Defendants classified each Plaintiff as an independent contractor, and not as an employee.

135.

During tax year 2015, Rotor Trans fraudulently misclassified each Plaintiff as an independent contractor.

136.

Defendants willfully filed Forms 1099-MISC with the Internal Revenue Service categorizing certain monies paid to each Plaintiff in 2015 as nonemployee compensation.

137.

Defendants' classification of each Plaintiff's income as nonemployee compensation in Forms 1099-MISC filed with regard to tax years 2013, 2014 and 2015 was knowingly false and fraudulent.

138.

Defendants' fraudulently misclassified each Plaintiff's income as nonemployee compensation for Defendants' own wrongful enrichment.

139.

As a result of Defendants' fraudulent tax filings, Plaintiffs are entitled to recover from Defendants, jointly and severally, their damages incurred, but no less than $5,000 per each fraudulent tax filing.

140.

As a result of Defendants' fraudulent tax filings, Plaintiffs are entitled to recover from Defendants, jointly and severally, costs of litigation, including their reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs requests that this Court:

(a)     Issue a judgment declaring that each Plaintiff was an employee of Defendants and was covered by the provisions of the FLSA and finding that Defendants have failed to comply with the requirements of the FLSA;

(b)     Award each Plaintiff proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(c)     Award each Plaintiff proper payment for each overtime hour worked from three years preceding the filing of this Action, calculated at the

rate of time and one half the applicable regular rate which should have been paid to each Plaintiff by Defendants, and liquidated damages equaling 100% of the overtime wages due to each Plaintiff, as required by the FLSA;

(d)     Award each Plaintiff prejudgment interest on all amounts owed;

(e)     Award each Plaintiff nominal damages;

(f)     Award each Plaintiff his costs of litigation, including his reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b);

(g)     Find that Defendant Rotor Trans violated 26 U.S.C. § 7434 by willfully filing fraudulent tax information returns with respect to each Plaintiff's earnings during each year it filed a Form 1099-MISC for that Plaintiff;

(h)     Award each Plaintiff no less than $5,000 for each fraudulent tax information return filed with respect to each Plaintiff's earnings during the relevant time period against each Defendant;

(i)     Award each Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 26 U.S.C. § 7434 against each Defendant; and

(j)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 049888

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

**ATTORNEYS FOR PLAINTIFFS**

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com